1  FRANCIS J. CUNNINGHAM III, Bar No. 60900
   DAVID S. BARTELSTONE, Bar No. 222891
2  CUNNINGHAM & TREADWELL
   Warner Center Towers, Suite 840
3  21800 Oxnard Street
   Woodland Hills, California 91367-3640
4  PH:  (818) 348-1112
   FAX: (818) 340-6772
5  email: mail@ctlaw.cc

6  Attorneys for Adversary Plaintiff,
   REHABBERS FINANCIAL, INC., a California corporation dba AZTEC FINANCIAL
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | In re | ) | CASE NO. 1:12-bk-13172-VK |
|---|---|---|---|
| 12 | PEDRO SANCHEZ, an individual; GRACIELA SANCHEZ, an individual, | ) ) ) | Chapter 13 |
| 13 | | ) | Adv No. |
| 14 | Debtors. | ) ) | ADVERSARY COMPLAINT OF REHABBERS FINANCIAL, INC. |
| 15 | REHABBERS FINANCIAL, INC., a California corporation dba AZTEC FINANCIAL, | ) ) ) | DBA AZTEC FINANCIAL FOR: |
| 16 | Adversary Plaintiff, | ) ) | (1)    DECLARATORY RELIEF; |
| 17 | | ) | |
| 18 | vs. | ) ) | (2)    QUIET TITLE; |
| 19 | PEDRO SANCHEZ, an individual; GRACIELA SANCHEZ, an individual; STEPHEN C. PERRY, | ) ) | AND |
| 20 | an individual; VINNIE RUGGIERI, Individually and as Trustee of The Ruggieri 2003 Revocable | ) ) | (3)    INJUNCTIVE RELIEF |
| 21 | Trust; ANY AND ALL SUCCESSOR TRUSTEES(S) of the Ruggieri 2003 Revocable | ) ) | |
| 22 | Trust (named herein as DOES 1 through 3); and ALL PERSONS UNKNOWN, CLAIMING ANY | ) ) | |
| 23 | LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE | ) ) | |
| 24 | PROPERTY DESCRIBED IN THIS ADVERSARY PROCEEDING ADVERSE TO | ) ) | |
| 25 | THE PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, NAMED AS | ) ) | |
| 26 | DOES 4 through 100, inclusive, | ) ) | |
| 27 | Adversary Defendants. | ) ) | |
| 28 | | ) | |

1

Adversary Plaintiff, Rehabbers Financial, Inc., a California corporation dba Aztec Financial ("Aztec"), a claimant of debtors, Pedro Sanchez and Graciela Sanchez (hereinafter referred to as the "Sanchezes" or "Debtors"), in the above-referenced bankruptcy case, alleges as follows:

## JURISDICTION AND VENUE

1.      The Complaint initiates an adversary proceeding ("AP"), as contemplated by Rule 7001(1) and (2) of the Federal Rules of Bankruptcy Procedure.  The controversy is a core proceeding as that term is defined in, without limitation, 28 U.S.C. §§ 157(b)(2)(K) and (O).

2.      The Bankruptcy Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157(a) and (b), 1334(a) and 1409(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## THE PARTIES

4.      The true names and capacities, whether individual, corporate, associate, governmental or otherwise of defendants sued herein as ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THIS ADVERSARY COMPLAINT ADVERSE TO THE PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, NAMED AS DOES 4 through 100, inclusive, are unknown to Aztec at the present time, and Aztec therefore sues said defendants by such fictitious names.  Aztec, after obtaining leave of court, if necessary, will amend this Adversary Complaint ("AC") to show such true names and capacities when the same have been ascertained.

5.      Aztec is informed and believes, and thereon alleges, that Defendants, and each of them, designated herein as ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THIS ADVERSARY COMPLAINT ADVERSE TO THE PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, NAMED AS DOES 4 through 100, inclusive, claim some right, title, estate, lien or interest in the real property described herein which is adverse to Aztec's interest in the real property, and further that defendants are responsible in some manner for the occurrences alleged herein.  Said defendants are sued as principals, or agents, partners, servants, and employees of said principals, or any combination thereof, and all of the acts performed by them

2

1 | as agents, partners, servants and employees were performed within the course and scope of their

2 | authority and employment, and with the knowledge, consent, approval and ratification of said

3 | principals, and each of them.

4 |      6.     Aztec is informed and believes, and thereon alleges, that at all times herein

5 | mentioned, each of the defendants was the agent, employee and partner of each of the remaining

6 | defendants, and was acting within the scope and authority of such agency, employment and

7 | partnership and with the knowledge, consent, approval and ratification of the remaining defendants,

8 | and each of them.

9 |      7.     Whenever in this AC reference is made to any act of defendants, such allegations

10 | shall be deemed to mean the acts of the defendant named in the particular cause of action, DOES 1

11 | through 100, inclusive, and each of them, acting individually, jointly and severally.

12 |      8.     Aztec is informed and believes, and thereon alleges, that at all times herein

13 | mentioned, defendant, Vinnie Ruggieri ("Ruggieri"), is now and has at all times herein been, an

14 | individual and the trustee of the Ruggieri 2003 Revocable Trust ("Ruggieri Trust"), and is residing in

15 | the County of Los Angeles, State of California.

16 |      9.     Aztec is informed and believes, and thereon alleges, that Ruggieri may be recently

17 | deceased and that there is a new, successor trustee of the Ruggieri Trust.  The successor trustee(s)

18 | has been named herein as DOES 1 through 3 and this AC will be amended at the time of discovery

19 | of the name(s) of the successor trustee's of the Ruggieri Trust.

20 |      10.     Aztec is informed and believes, and thereon alleges, that at all times herein reference,

21 | defendant, Stephen Perry ("Perry"), was and is, an individual residing in the County of Los Angeles,

22 | State of California.

23 |      11.     Aztec is informed and believes, and thereon alleges, that at all times herein reference,

24 | Debtor, Pedro Sanchez, was and is, an individual residing in the County of Los Angeles, State of

25 | California.

26 |      12.     Aztec is informed and believes, and thereon alleges, that at all times herein reference,

27 | Debtor, Graciela Sanchez, was and is, an individual residing in the County of Los Angeles, State of

28 | California, and is the wife of Debtor, Pedro Sanchez.

## FIRST CLAIM OF RELIEF

### (Declaratory Relief as Against All Defendants)

13.    Aztec realleges and incorporates herein by reference, each and every allegation contained in paragraphs 1 through 12, inclusive, of this AC as though set forth in full herein.

14.    The real property which is the subject of this action is commonly known as 13057 Van Nuys Boulevard, Pacoima, California 91331, and legally described as,

> LOTS 667 AND 668, IN BLOCK 24 OF PACOIMA TRACT, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 29, PAGES 79 TO 83 INCLUSIVE OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

("subject property").

15.    Aztec is informed and believes, and thereon alleges, that the Sanchezes purchased the subject property in 1981.

16.    Aztec is informed and believes, and thereon alleges, that the subject property has been and is currently utilized commercially as an Auto Repair shop.

17.    Aztec is informed and believes, and thereon alleges, that in December of 2005, the Sanchezes obtained a $192,000.00 loan from Velocity Commercial Capital, LLC, a California Limited Liability Company ("Velocity"). The Sanchezes' repayment of the loan from Velocity is secured with the subject property by a deed of trust recorded on December 12, 2005, as Document No. 05-3037676 in the Official Records of the Recorder's Office of Los Angeles County, California ("Velocity TD").

18.    Aztec is informed and believes, and thereon alleges, that the Velocity TD is a valid and existing first trust deed lien against the subject property.

19.    Aztec is informed and believes, and thereon alleges, that in October of 2007 and continuing through May of 2008, the Sanchezes began shopping for a private money loan in order to obtain equity from the subject property.

/ / /

/ / /

ADVERSARY.COMPLAINT.wpd                    ADVERSARY COMPLAINT [AZTEC]

20.     Aztec is informed and believes, and thereon alleges, that the Sanchezes contacted and utilized Robby Chang and Jonathon Morales of Optimax Financial, a mortgage broker, for purposes of assisting them in shopping for a private money loan.

21.     Aztec is informed and believes, and thereon alleges, that in early April 2008, Aztec Financial was contacted by the Sanchezes to determine Aztec's interest in funding a 2nd lien priority, private money loan to them, the repayment of which would be secured by the subject property.

22.     On April 2, 2008, the Sanchezes filled out and signed a Loan Application with Aztec.

23.     On April 14, 2008, the Sanchezes each signed:

    (a)     A "Declaration of Oral Disclosure" by which the terms of the anticipated loan from Aztec were set forth and disclosed in writing;

    (b)     A "Mortgage Loan Disclosure Statement" which, *inter alia*, again provided to the Sanchezes written disclosure of the material loan terms of the anticipated loan from Aztec. The "Mortgage Loan Disclosure Statement" was also signed by Jonathon Morales, the Sanchezes' representative from Optimax Financial.

    (c)     "Borrower Loan Escrow Instructions" which, *inter alia*, again, set forth and disclosed in writing, the material terms of the anticipated loan from Aztec to the Sanchezes.

    (d)     "Promissory Note"("Aztec Note"), evidencing the terms of repayment agreed to by the Sanchezes.

24.     As is evidenced by the "Declaration of Oral Disclosure", "Mortgage Loan Disclosure Statement" and "Borrower Loan Escrow Instructions," among other documents, the loan from Aztec to the Sanchezes was agreed to be in the amount of $150,000.00, the repayment of which was to be secured with the subject property by a 2nd lien priority deed of trust in favor of Aztec.

25.     Aztec is informed and believes, and thereon alleges, that on May 1, 2008, the Sanchezes each signed a disclosure statement, prepared by their mortgage broker representative, Optimax Financial, by which the material terms of the anticipated loan from Aztec to the Sanchezes were set forth.

/ / /

5

1    26.    Aztec is informed and believes, and thereon alleges, that on May 7, 2008, the

2 Sanchezes each signed a "Buyers/Borrowers Closing Statement [Estimated]," which document

3 detailed the costs and fees associated with the anticipated closing of the Aztec refinance transaction.

4    27.    Aztec is informed and believes, and thereon alleges, that on May 7, 2008, the

5 Sanchezes each signed a "Amended/Supplemental Escrow Instructions" in anticipation of the closing

6 of the Aztec refinance transaction.

7    28.    Aztec is informed and believes, and thereon alleges, that on May 8, 2008, the

8 Sanchezes provided "Wiring Instructions" detailing their bank account information for the wiring of

9 the anticipated Aztec funds.

10    29.    On May 14, 2008, the Aztec transaction closed and on May 15, 2008, a deed of trust,

11 executed by both Pedro Sanchez and Graciela Sanchez, was recorded as Document No.

12 20080863862 in the Official Records of the Recorder's Office of Los Angeles County, California

13 ("Aztec TD"). The Aztec TD secures with the subject property the repayment of a $150,000.00 from

14 Aztec to the Sanchezes.

15    30.    Aztec funded its loan to the Sanchezes and recorded the Aztec TD relying upon the

16 representations of the Sanchezes in the loan documents and on its anticipated 2nd lien priority

17 position.

18    31.    On May 15, 2008, a check in the amount of $84,579.43 was delivered to the

19 Sanchezes representing a portion of the Aztec loan proceeds. The check was negotiated by the

20 Sanchezes.

21    32.    On May 22, 2008, a check in the amount of $31,538.47 was delivered to the

22 Sanchezes representing the balance of the Aztec loan proceeds. The check was negotiated by the

23 Sanchezes. The balance of the $150,000.00 loan proceeds were utilized to pay fees and costs

24 associated with the transaction, and also to payoff pre-existing items of indebtedness owed by the

25 Sanchezes.

26 / / /

27 / / /

28 / / /

ADVERSARY.COMPLAINT.wpd                    ADVERSARY COMPLAINT [AZTEC]

1    33.    Aztec is informed and believes, and thereon alleges, that at some point in late April or

2 early May, 2008, despite the fact that they had already signed the Aztec loan documents, including

3 the escrow instructions, the Sanchezes continued to shop for a private money loan from other

4 lenders.

5    34.    Aztec is informed and believes, and thereon alleges, that at some point in early May,

6 2008, and unbeknownst to Aztec, the Sanchezes were offered a loan from the Ruggieri Trust, a loan

7 that, according to the Sanchezes, had more favorable loan terms than the Aztec loan.

8    35.    On May 15, 2008, the same day that the Aztec TD was recorded, another deed of trust,

9 executed by Pedro and Graciela Sanchez, in favor of Ruggieri as trustee of the Ruggieri Trust and

10 Stephen Perry (each as to an undivided 50% interest), was recorded as Document No. 20080865964

11 in the Official Records of the Recorder's Office of Los Angeles County, California ("Ruggieri Trust

12 TD"). The Ruggieri Trust TD secures with the subject property the repayment of a $125,000.00 from

13 the Ruggieri Trust to the Sanchezes as evidenced by a promissory note ("Ruggieri Trust Note"),

14 executed by the Sanchezes in favor of Ruggieri as trustee of the Ruggieri Trust and Perry.

15    36.    Both the Ruggieri Trust TD and the Aztec TD were recorded on May 15, 2008,

16 however, the Aztec TD was recorded in a position of lien priority to that of the Ruggieri Trust TD

17 given that it has an earlier-in-time recording number to that of the Ruggieri Trust TD.

18    37.    Aztec was not informed by the Sanchezes or anyone that, even after the signing of their

19 loan documents, they continued to shop for more favorable loans. Aztec was not informed by the

20 Sanchezes or anyone, that the Sanchezes were offered a loan from the Ruggieri Trust.

21    38.    Prior to, and as of the date of, the recording of the Aztec TD, the Ruggieri Trust loan

22 transaction was not disclosed to Aztec.

23    39.    Prior to, and as of the date of, the recording of the Aztec TD, Aztec was not informed

24 by the Sanchezes or anyone associated with the Ruggieri Trust loan transaction that the Sanchezes

25 were in the process of applying for a loan from them.

26    40.    Prior to, and as of the date of, the recording of the Aztec TD, Aztec had no actual or

27 constructive notice of the existence of the Ruggieri Trust TD or the Ruggieri Trust loan transaction.

28 / / /

1    41.    Aztec is informed and believes, and thereon alleges, that the Sanchezes now claim that

2 after they were offered the Ruggieri Trust loan, they tried to cancel the Aztec loan by forwarding to

3 Aztec written cancellation instructions.

4    42.    Aztec is informed and believes, and thereon alleges, that the written cancellation

5 instructions were sent to Aztec after the Aztec loan had funded, after the Aztec TD had been recorded,

6 and after the Sanchezes had been delivered the Aztec loan proceeds.

7    43.    Aztec is informed and believes, and thereon alleges, that the Ruggieri Trust now

8 claims that the Ruggieri Trust TD is in a position of 2nd lien position behind the Velocity TD and that

9 the Aztec TD is, somehow, in a position of 3rd lien priority.

10    44.    Aztec would not have funded its loan or recorded the Aztec TD had it known that a

11 second private money lender was negotiating a private money loan with the Sanchezes, would be

12 recording a deed of trust on May 15, 2008, and would also be claiming a 2nd lien priority position.

13    45.    Aztec is informed and believes, and thereon alleges, that the indebtedness represented

14 by the Ruggieri Trust Note and secured with the subject property by the Ruggieri Trust TD, has either

15 (1) been paid off in full and thus, the Ruggieri Trust TD has been extinguished as a matter of law and

16 Ruggieri, Perry and the Ruggieri Trust must record a Full Reconveyance of the Ruggieri Trust TD; or

17 (2) has been substantially repaid and the indebtedness secured by the Ruggieri Trust TD accordingly

18 reduced thereby.

19    46.    Aztec is informed and believes, and thereon alleges, that an actual controversy has

20 arisen and now exists between it and defendants, in that Aztec contends, and defendants deny that:

21        (a)    The Aztec Note is a valid and existing promissory note evidencing the

22 $150,000.000 loan repayment obligation of Pedro Sanchez and Graciela Sanchez;

23        (b)    The Aztec TD was, and is, a valid, enforceable second trust lien as of May 15,

24 2008, securing with the subject property, the Aztec Note in the original principal amount of

25 $150,000.00, to which each of the defendant's interests is subject;

26        (c)    That the claimed interests of the Ruggieri Trust and Perry pursuant to the

27 Ruggieri Trust TD, in and to the subject property, are, to the extent that the Ruggieri Trust TD still

28 exists, junior and subordinate to the Aztec TD; and

8

1          (d)     Any rights, titles, estates, liens or interests claimed by defendants, are junior

2 and subject to the lienholder rights of Aztec pursuant to the Aztec TD.

3    **SECOND CLAIM FOR RELIEF**

4    **(Quiet Title as Against Ruggieri, Ruggieri Trust, Perry, DOES 1 through 3 and**

5    **DOES 4 through 100, Inclusive)**

6         47.    Aztec realleges and incorporates herein by reference, each and every allegation

7 contained in paragraphs 1 through 46, inclusive, of this AC as though set forth in full herein.

8         48.    The claims of Ruggieri, DOES 1 through 3, the Ruggieri Trust, Perry, Pedro Sanchez

9 and Gabriela Sanchez, DOES 4 through 100, and all other defendants claiming an adverse interest to

10 that of the Aztec TD, are without any right whatsoever, and Aztec's interest in and to the Aztec TD

11 should be quieted as a valid and existing 2nd trust deed lien against the subject property in favor of

12 Aztec as of May 15, 2008.

13    **THIRD CLAIM FOR RELIEF**

14    **(Injunctive Relief Against Ruggieri, Ruggieri Trust, Perry,**

15    **DOES 1 through 3 and DOES 4 through 100, Inclusive)**

16         49.    Aztec realleges and incorporates herein by reference each and every allegation

17 contained in paragraphs 1 through 48, inclusive of its AC as though set forth in full herein.

18         50.    Aztec is informed and believes, and thereon alleges, that Ruggieri, the Ruggieri Trust

19 and/or Perry, intends to foreclose the Ruggieri Trust TD in satisfaction of the default in repayment by

20 the Sanchezes of the debt evidenced by the Ruggieri Trust Note.

21         51.    In the event that the foreclosure sale is permitted to go forward, Aztec will suffer

22 substantial and irreparable harm in that the Aztec TD may, arguably, and according to the Ruggieri

23 Trust and Perry, be foreclosed out as a junior lien, Aztec will lose its secured interest in the subject

24 property, and the Ruggieri Trust and Perry will unjustly benefit.  Aztec has no plain, speedy or

25 adequate remedy at law.

26         52.    Defendants are not prejudiced by the issuance of an injunction as interest will continue

27 to accrue on a per diem basis on any balance due and owing on the Ruggieri Trust Note.

28         53.    This Court should issue a temporary restraining order, preliminary injunction and

9

1  permanent injunction enjoining and restraining defendants, and their agents, employees and anyone

2  acting in concert with them, or on their behalf, from performing any acts or taking any steps to

3  proceed with foreclosure upon the Ruggieri Trust TD as against subject property, including but not

4  limited to the publishing or giving of any notice required or prescribed by law; selling or attempting

5  to sell, by foreclosure sale, all or any portion of or interest in the subject property; and performing any

6  and all of those acts authorized or permitted by California Civil Code §§ 2924, 2924b, 2924f, 2924g

7  and 2934a, in connection with or incident to a foreclosure sale of the subject property.

8

9          WHEREFORE, Aztec prays for judgment as follows:

10  ON THE FIRST CLAIM FOR RELIEF:

11          1.      For an order, decree and judicial declaration that:

12                  (a)      The Aztec Note is a valid and existing promissory note evidencing the

13  $150,000.000 loan repayment obligation of Pedro Sanchez and Graciela Sanchez;

14                  (b)      The Aztec TD was, and is, a valid, enforceable second trust lien as of May 15,

15  2008, securing with the subject property, the Aztec Note in the original principal amount of

16  $150,000.00, to which each of the defendant's interests is subject;

17                  (c)      That the claimed interests of the Ruggieri Trust and Perry pursuant to the

18  Ruggieri Trust TD, in and to the subject property, are, to the extent that the Ruggieri Trust TD still

19  exists, junior and subordinate to the Aztec TD; and

20                  (d)      Any rights, titles, estates, liens or interests claimed by defendants, are junior

21  and subject to the lienholder rights of Aztec pursuant to the Aztec TD.

22  ON THE SECOND CLAIM FOR RELIEF:

23          2.      For an order, decree and judicial declaration that the claims of Ruggieri, DOES 1

24  through 3, the Ruggieri Trust, Perry, Pedro Sanchez and Gabriela Sanchez, DOES 4 through 100, and

25  all other defendants claiming an adverse interest to that of the Aztec TD, are without any right

26  whatsoever, and Aztec's interest in and to the Aztec TD should be quieted as a valid and existing 2nd

27  trust deed lien against the subject property in favor of Aztec as of May 15, 2008.

28  / / /

ADVERSARY.COMPLAINT.wpd                          ADVERSARY COMPLAINT [AZTEC]

1  ON THE THIRD CLAIM FOR RELIEF:

2        3.      For a temporary restraining order, preliminary injunction and permanent injunction,

3  enjoining and restraining Ruggieri, the Ruggieri Trust, DOES 1 through 3, DOES 4 through 100,

4  Perry, and his or its agents, employees, representatives, trustees, and anyone acting in concert with

5  his, it or on his or its behalf, from engaging in, committing or performing, directly or indirectly, any

6  or all of the following acts:

7            (a)     Selling or attempting to sell, by foreclosure sale, all or any portion of or interest

8  in the subject property, which is the subject of this action; or,

9            (b)     Performing any and all of those acts authorized or permitted by California Civil

10  Code sections 2924, 2924(b), 2924(f), 2924(g) and 2934(a), in connection with or incident to a

11  foreclosure sale of subject property.

12  ON ALL CLAIMS FOR RELIEF:

13        4.      For costs of suit (except as against Pedro Sanchez and Graciela Sanchez);

14        5.      For such other and further relief as this Court deems proper and just.

15

16  Dated:                                    Respectfully submitted,

17                                            CUNNINGHAM & TREADWELL

18

19                                        By: _____

20                                            DAVID S. BARTELSTONE
                                              Attorneys for Adversary Plaintiff,
                                              REHABBERS FINANCIAL, INC., a California
21                                            corporation dba AZTEC FINANCIAL

22

23

24

25

26

27

28

ADVERSARY.COMPLAINT.wpd                    ADVERSARY COMPLAINT [AZTEC]